IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY ELIZABETH HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-00044-CV-W-BP ) |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for Supplemental Security Income SSI benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in June 1987 and has at least a high school education. She filed an application for benefits in August 2021, alleging she became disabled on January 1, 2009. Because she had not reached the age of 22 by the alleged onset date, her application was treated differently for two time periods. The first period was an "adult child" application that covered the period from June 1, 2009, to her twenty-second birthday in June 2009. The second period covered August 2, 2021, through the date of the ALJ's decision on January 2, 2024, because SSI benefits cannot commence before the application is made.

With respect to the first period, the ALJ found Plaintiff suffered from bipolar disorder, anxiety disorder, and a learning disability, but these conditions did not meet or equal a listed

---

[1] Frank Bisignano became the Commissioner of Social Security on May 15, 2025, and therefore, pursuant to Rule 25(d), he should be substituted as the Defendant in this matter.

impairment. (R. at 32-33.) She then found Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels but could only perform "simple, repetitive, and routine" duties and could not exercise independent judgment. (R. at 33.) Plaintiff also could concentrate and persist for only two hours before requiring a break and could not perform work that "require[d] interaction with the public as a primary function." (R. at 33.) She could have "occasional contact with co-workers and with supervisors; but co-worker contact had to be incidental in nature and not in a team or teamwork setting." (R. at 33.) Relying on testimony from a vocational expert ("VE"), the ALJ found Plaintiff's RFC between June 1, 2009, to her twenty-second birthday in June 2009 permitted her to work as a boring machine tender, stacker, or riveting machine operator. (R. at 37.)

With respect to the SSI application, the ALJ found that Plaintiff suffered from inflammatory arthritis, intellectual disability, and bipolar disorder, (R. at 37), but these conditions did not meet or equal a listed impairment. (R. at 38-41.) She then found Plaintiff could sit for six hours per day, stand for six hours per day, and lift or carry ten pounds frequently and twenty pounds occasionally. (R. at 41.) Limitations from the prior time period are also included: Plaintiff could concentrate and persist for two hours before requiring a break and required "job duties that are simple, repetitive, and routine" that were also consistent "with little or no change" and did not require her to exercise independent judgment. (R. at 41.) She could not interact with the public as a "primary" part of her duties, could have "occasional contact with co-workers and with supervisors," but could not work as part of a team. (R. at 41.) Again relying on testimony from a VE, the ALJ found Plaintiff's RFC between the date of her application through the date of the decision permitted her to perform work as a merchandise marker, garment sorter, or photocopy machine operator. (R. at 44.)

Plaintiff alleges the ALJ's decisions with respect to both time periods is not supported by substantial evidence in the Record as a whole. The Commissioner contends the decision should be affirmed, and the Court resolves the parties' arguments below.

## II.  DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

### A.  The Adult Child Application

Plaintiff presents two arguments with respect to her adult child application. First, she argues that there is not substantial evidence to support the ALJ's finding that she did not meet or equal a listed impairment between June 1, 2009, and her twenty-second birthday in June 2009. Second, she argues the RFC determination for that same period also is not supported by substantial evidence.

## *1. Listed Impairment*

At Step 3 of the 5-step analytical framework for evaluating Social Security claims, the ALJ must determine if the claimant's condition meets or equals a listed impairment. Here, the ALJ considered the following Listings:

    12.04   Depressive, bipolar, and related disorders

    12.06   Anxiety and obsessive-compulsive disorders

    12.11   Neurodevelopmental disorders

For each of these Listings, Plaintiff had to satisfy the "B criteria," which required that she have extreme limitation in one, or marked limitation in two, of the following areas of mental functioning: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. Listings 12.04 and 12.06 also permit, as an alternative to satisfying the B criteria, that Plaintiff's condition satisfy the "C criteria," which required, *inter alia*, that Plaintiff demonstrate "[m]arginal adjustment, that is . . . minimal capacity to adapt to changes in [her] environment or to meet demand that are not already part of . . . daily life."

The ALJ determined Plaintiff had only moderate limitations in the four areas comprising the B criteria. She explained that the "available evidence regarding the period [between the alleged onset date and Plaintiff's twenty-second birthday] is sufficient to reasonably support a finding of moderate limitations in the [B criteria] but fails to establish a marked degree of impairment severity." (R. at 33.) She further found that Plaintiff "demonstrated more than just marginal adjustment," so she did not satisfy the C criteria. (R. at 33.)

Plaintiff relies on records from Dr. Michael Navato to argue that these findings are not supported by substantial evidence. He first saw Plaintiff in May 2008, and his one-page report

4

reflects that she suffered from "panic, irritability, [and] depression triggered" by her delivery of a child one year prior, and that "[o]ther stressors include financial situation and unemployment." (R. at 639.) His evaluation, however, reflects that Plaintiff was "hopeful" and "motivated for treatment," which consisted of medication and therapy. (R. at 639.)

Plaintiff saw Dr. Navato again one week later; her third appointment was two weeks after her second and her fourth appointment was two weeks after that. The one-page reports from all three appointments are virtually the same; all three report that her prognosis was fair and do not suggest limitations severe enough to satisfy the B or C criteria. (R. at 640-42.) Plaintiff's appointments thereafter were approximately one month apart (although there is no record of an appointment in November 2008), and all the reports are similar to those previously mentioned. (R. at 643-47.)

It is true that one of those records reflects that Plaintiff "failed in her new job, gets irritable and easily upset and cries . . . and make[s] mistakes." (R. at 647 (cleaned up).) However, this observation does not deprive the ALJ's findings of support from substantial evidence. The medical evidence does not support a finding that the B or C criteria were satisfied, so the ALJ did not err in finding that Plaintiff did not meet or equal a listed impairment.

## *2. RFC*

At Step 4 of the 5-step analytical framework, the ALJ must ascertain a claimant's RFC. Here, the ALJ discussed evidence regarding Plaintiff's treatment in the period before and slightly after she turned 22. Plaintiff relies largely on the same facts she discussed with respect to the listed impairments to argue that the ALJ erred in ascertaining her RFC. However, she does not address why the RFC findings do not adequately encompass any limitations supported by the evidence;

5

put another way, she does not describe any conflicts between the ALJ's RFC finding and the medical evidence in the Record. Therefore, the Court discerns no error.

## B. The SSI Application

With respect to the SSI application, Plaintiff argues the RFC finding was not supported by substantial evidence and focuses on the RFC's mental/psychological components.[2] She emphasizes that doctors and consultants agree that her functional abilities are limited, (Doc. 10, pp. 14-15), but the ALJ found limitations existed and included them in the RFC. As stated earlier, the RFC limits Plaintiff to (1) duties that are consistent with little or no change and that do not call for independent judgment, (2) concentration and persistence for no more than two hours at time without a break, (3) no regular interaction with the public, (4) contact with co-workers that is no more than occasional and incidental and is not part of a team or teamwork setting, and (5) occasional contact with supervisors. (R. at 41.)

Thus, (1) Plaintiff has established the RFC should include limitations and (2) the RFC includes limitations. But Plaintiff does not explain why the RFC should include additional limitations, or what those limitations should be. There is no basis for concluding the ALJ erred.

## III. CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

**DATE**: December 1, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff mentions the ALJ's analysis regarding listed impairments but ultimately confirms that she "does not take issue with the ALJ's Step Three findings for this claim . . . ." (Doc. 14, p. 4.)

6

Case 4:25-cv-00044-BP    Document 15    Filed 12/01/25    Page 6 of 6